**ANDERS, Estate of, In re.**

Ohio Appeals, Tenth District, Franklin County.

No. 6107. Decided December 22, 1959.

Lawrence J. Burns, Columbus, for successor-administrator of estate. J. Harvey Crow, Urbana, for himself.

**OPINION**

Per CURIAM.

This is an appeal by an administrator from an order of the Probate Court of Franklin County vacating the entry of his appointment as administrator for the reason that the bond was not signed by an agent authorized to sign bonds in that court. The appeal was one on law and fact and was previously reduced by this court to an appeal on law only.

The successor-administrator has now filed a motion seeking to strike from the file an unmarked instrument and to dismiss the appeal for failure to comply with the rules of court. The memorandum in support of the motion shows that on the 20th day of August, 1959, the appellant filed an instrument bearing no title but purporting to argue the merits of the appeal. Six days later he filed a sheet of paper entitled Assignment of Errors and listed therein as the only assignment "Judgment is contrary to law."

The appellant states that the undesignated instrument was meant to be a brief and, by mistake, that paper and the paper marked Assignment of Errors were not fastened together, and that the "court knows what a brief is, without having it set out in the heading as a headnote." When the instrument designated Assignment of Errors was filed a half

page note was attached, which read "Please file. The office secretary neglected to send it with the brief previously filed."

The appellant in the undesignated instrument also stated "There is no bill of exceptions as there was no hearing, no evidence, no notice, no nothing done in this case except two things. 1. Issue letters of authority on November 8, 1958, which is in the transcript. 2. Put on an entry on January 8, 1959, removing J. Harvey Crow as administrator and appointing Lawrence J. Burns."

The appellant feels that the only question for this court to decide is whether or not the Probate Court can summarily remove an administrator without notice and without a hearing as provided by §2109.24 R. C.

The entry appealed from is as follows:

"It appearing to the Court that by entry filed herein on November 5th, 1958, J. Harvey Crow was appointed administrator of the above entitled estate, conditioned upon filing a bond in the sum of $4,000.00 with the United States Fidelity and Guaranty Company;

"And it further appearing to the Court that said bond was signed by an agent not authorized to sign bonds in this Court, and that more than sixty (60) days have elapsed without said bond being lawfully executed;

"It is, therefore, ordered and adjudged by the Court that the journal entry granting letters of authority, heretofore filed herein on November 5th, 1958, and the letters of authority issued pursuant thereto, be, and the same are hereby set aside, and held for naught.

"It is further ordered that Lawrence J. Burns be appointed administrator of said estate upon the giving of bond in the sum of $6,000.00."

While the appellant has not complied with the rules of court in regard to the filing of his brief and bill of exceptions, it is also noted that this case is not one of resignation or removal of a fiduciary under the provisions of §2109.24 R. C., but rather it is a refusal to appoint because of a failure to file the proper bond required by that court and it would be impossible for us to tell without a bill of exceptions whether the action of the court was proper or not. The appellant states that there is no bill of exceptions and this court could not decide the questions raised by him without a bill of exceptions had he properly filed his assignment of errors and brief.

The motion to dismiss will be sustained.

BRYANT, PJ, DUFFY, J, concur.
MILLER, J, not participating.

## ON APPLICATION FOR REHEARING

No. 6107.   Decided March 8, 1960.

By DUFFY, J.

Application for rehearing denied.

BRYANT, PJ, concurs.
MILLER, J, not participating.